*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JASON EDWARD TURNER,

Defendant-Appellant.

UNPUBLISHED
October 22, 2019

No. 342248
Wayne Circuit Court
LC No. 17-007672-01-FC

Before: CAVANAGH, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Defendant, Jason Turner, appeals as of right his jury trial convictions of second-degree murder, MCL 750.317, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] The trial court sentenced defendant, as a second habitual offender, MCL 769.10, to imprisonment of 35 to 60 years for the second-degree murder conviction, one to five years for the felon-in-possession conviction, and two years for the felony-firearm conviction. We affirm.

This case arises from the killing of Marty Louis Simmons. Defendant and his friend, Mustafa Heath, encountered Simmons while they were walking eastbound on McNichols Street in Detroit, Michigan. Defendant shot and killed Simmons, then fled from the scene. The ensuing police investigation resulted in the discovery of multiple security cameras in the area, and at least one of the videos captured the shooting. The videos were played for the jury. Defendant also testified at trial regarding his version of the incident.

---

[1] Defendant faced a first-degree murder charge, MCL 750.316, but the jury found him guilty of the lesser offense of second-degree murder, and it found him not guilty of witness intimidation, MCL 750.122.

Defendant's sole argument on appeal is that his sentence for second-degree murder is unreasonable because it is disproportionate to the seriousness of the offense and the offender. We disagree.

Only departure sentences are reviewed for reasonableness. See *People v Lampe*, 327 Mich App 104, ___; ___ NW2d ___ (2019) (Docket No. 342325); slip op at 10. Generally, this Court reviews whether a sentence is reasonable using the abuse of discretion standard of review. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). However, "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), citing MCL 769.34(10).[2]

Defendant's minimum sentencing guidelines range for second-degree murder was 270 to 562 months' imprisonment. The trial court sentenced defendant to a minimum term of imprisonment of 35 years (420 months), meaning his sentence was within the minimum sentencing guidelines range. "[A] sentence within the Legislature's guidelines range is presumptively proportionate." *People v Odom*, ___ Mich App ___; ___ NW2d ___ (2019) (Docket No. 339027); slip op at 9. As previously stated, "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben*, 314 Mich App at 196. Accordingly, this Court must affirm defendant's sentence unless there was a scoring error or the trial court relied on inaccurate information. Defendant does not argue that a scoring error occurred or that the trial court relied on inaccurate information. Therefore, we must affirm the within-guidelines sentence. *Id*.

Moreover, even if this Court were to review defendant's sentence for proportionality, he has failed to establish that his sentence is disproportionate. "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000).

Defendant does not present any unusual circumstances here. He points out that he was 17 years old when he committed the crime, the jury did not find him guilty of first-degree premeditated murder, and that "it is reasonable to conclude that this killing occurred during some type of altercation between the decedent and [defendant] and his friend [Mustafa] Heath." He also points out that he expressed remorse at the time of sentencing and apologized to the victim's

---

[2] Our Supreme Court recently denied an application for leave to appeal in *People v Ames*, 929 NW2d 283 (2019)(Mem). Prior orders of the Supreme Court in that case required briefing on the issue of whether its decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015) rendered invalid that part of MCL 769.34(10) requiring the Court of Appeals to affirm sentences that fall within the applicable guidelines range absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

family. The record reveals that the trial court expressly took into account defendant's age. It also took into account the video evidence and concluded that at the time of the shooting, the victim "was doing absolutely nothing wrong," simply walking down the street, and that he became visibly uncomfortable when confronted by defendant and Heath. The trial court also took into account defendant's threatening voice mail message to his brother, who refused him refuge after the shooting and reported him to the police. We conclude that even if we were not bound by MCL 769.34(10), there are no unusual circumstances to rebut the presumption that defendant's sentence was proportionate.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Michael F. Gadola